

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,970-01

**EX PARTE MARCO ANTONIO LOZANO, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. DC78-CR2019-0167*1 IN THE 78TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to possession of a controlled substance and was placed on deferred adjudication probation. Following the State's motion to proceed with adjudication of guilt, alleging that Applicant had violated his probation conditions. The trial court found a number of those allegations true, adjudicated Applicant guilty, and sentenced Applicant to eighteen months' imprisonment in state jail. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that adjudication counsel was ineffective for failing to request a competency evaluation, present mitigating evidence at sentencing, and file a notice of

appeal. Applicant also alleges that he is incompetent and was incompetent when he pleaded guilty and when his guilt was adjudicated. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both plea counsel and adjudication counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make specific findings as to whether Applicant was incompetent when he pleaded guilty and when his guilt was adjudicated. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                   November 02, 2022
Do not publish